**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

OUSMANE DIOUF and BOUYA DIEYE,

    Plaintiffs,

    v.

LIBERTY MUTUAL PERSONAL
INSURANCE COMPANY,

    Defendant.

Civil Action No. 26-2572-TDC

**MEMORANDUM ORDER**

Self-represented Plaintiffs Ousmane Diouf and Bouya Dieye filed a Complaint in the Circuit Court for Montgomery County, Maryland against Defendant Liberty Mutual Personal Insurance Company ("Liberty Mutual"), alleging breach of contract and bad faith based on Liberty Mutual's denial of Plaintiffs' homeowners' insurance claim for losses from a fire that occurred on or about December 12, 2025. Compl. at 1, ECF No. 3. On May 29, 2026, Liberty Mutual was served with a copy of the summons and Complaint through the Maryland Insurance Administration. Statement Regarding Removal ¶ 1, ECF No. 13. On June 26, 2026, Liberty Mutual removed the case to this Court pursuant to diversity jurisdiction. Notice of Removal ¶¶ 4–5, ECF No. 1. Plaintiffs have filed a Motion to Remand, ECF No. 6, and a Motion for Preliminary Equitable Relief, ECF No. 12. For the reasons set forth below, those Motions will be denied.

In the Motion to Remand, Plaintiffs assert that Liberty Mutual failed to timely remove this case to federal court. However, Plaintiffs do not dispute that service was completed on May 29, 2026 or that Liberty Mutual removed the case to this Court on June 26, 2026. A "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant,

through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Where June 26, 2026 is less than 30 days after May 29, 2026, the Court concludes that Liberty Mutual timely removed this case. Accordingly, the Motion to Remand, ECF No. 6, will be denied.

Plaintiffs have also filed a Motion for Preliminary Equitable Relief in which they seek prompt payment or a rationale for the denial of payment for "essential personal property," including furniture, appliances, window coverings, cookware, bedding and towels, clothing, and "other household furnishings reasonably necessary to restore habitability" to Plaintiff's home. Mot. Prelim. Inj. at 2–3, ECF No. 12. To obtain a preliminary injunction, a moving party must establish that: (1) there is a likelihood of success on the merits; (2) there is a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of the four factors must be satisfied for the moving party to obtain a preliminary injunction. *See Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013).

The Motion fails for several reasons. First, Plaintiffs have not demonstrated a likelihood of irreparable harm. To establish irreparable harm, "the movant must make a clear showing that it will suffer harm that is neither remote nor speculative, but actual and imminent," and that the harm is irreparable, "meaning that it cannot be fully rectified by the final judgment after trial." *Mountain Valley Pipeline, LLC v. 6.56 Acres of Land, Owned by Sandra Townes Powell*, 915 F.3d 197, 216 (4th Cir. 2019) (citations omitted). Financial loss that can be recovered at the close of litigation only justifies preliminary relief "when a temporary delay in recovery somehow translates to permanent injury–threatening a party's very existence by, for instance, driving it out of business before litigation concludes." *Id.* at 218. Plaintiffs assert that they face "continuing hardship"

2

because they are "unable to fully occupy and enjoy their home" as "many essential items of covered personal property have not yet been adjusted or paid" by Liberty Mutual. Mot. Prelim. Inj. at 4, ECF No. 12. Where Plaintiffs have not alleged that a temporary delay in receiving insurance proceeds for personal property threatens permanent injury, they have not demonstrated a likelihood of irreparable harm as required for a preliminary injunction.

Nor have Plaintiffs made any argument that balance of the equities favors granting a preliminary injunction. In evaluating this factor, the Court notes that Plaintiffs seek a preliminary injunction that alters the status quo, which is a highly disfavored form of relief that "is warranted only in the most extraordinary circumstances." *Taylor v. Freeman*, 34 F.3d 266, 270 n.2 (4th Cir. 1994). Such an injunction "normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Plaintiffs have asserted no such exigencies. Similarly, Plaintiffs have made no argument that such relief is in the public interest. Accordingly, the Court concludes that Plaintiffs have not established all four factors necessary to obtain a preliminary injunction.

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiffs' Motion to Remand, ECF No. 6, is DENIED.

2. Plaintiffs' Motion for Preliminary Equitable Relief, ECF No. 12, is DENIED.

Date: July **17**, 2026



THEODORE D. CHUANG
United States District Judge